Eduvigis Sierra, Plaintiff and Appellant, v. Plácido Longo & Co., Defendant and Appellee.

No. 6096. Argued November 24, 1933.—Decided November 29, 1933.

M. Benítez Flores for appellant.   E. Márquez Huertas for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On December 29, 1931, Eduvigis Sierra filed, in the District Court of San Juan, a complaint against Plácido Longo & Co. to recover $524.16, the proceeds of some tobacco sold to it, plus $175 for attorney's fees and other disbursements.

The defendant company having been summoned, it filed, on January 19, 1932, a motion for a change of venue to the district court of its domicile, Bayamón. On the same day, January 19, the plaintiff requested the clerk to enter the default of the defendant and to render judgment against it. The clerk did this on the 8th of the following February, confining the judgment to the recovery of $546 with costs, but excluding attorney's fees, as the latter were not stated in the contract alleged in the complaint.

On February 12, the defendant in a verified motion requested the court to open the default and to vacate the judgment rendered against it by the clerk. It alleged that through inadvertence no demurrer had been filed together with the motion for a change of venue. There were attached to said verified motion the demurrer and also an answer, alleging that the defendant had not purchased the tobacco, but that the same had been delivered for sale but had not been sold as yet. The court heard both parties and on March 28, 1932, it denied the dismissal of the motion "because it did not appear from said motion that the neglect of the defendant in failing to file a demurrer or an answer together with the motion for a change of venue, was excusable. Moreover, it does not appear from the answer filed with the motion to open the default that the defendant has a good defense on the merits of the case."

On March 31, 1932, the plaintiff requested the execution of the judgment, which the judge ordered accordingly. Then follows in the record a writ of execution dated April 1, and a writing of the plaintiff addressed to the marshal on the same day, designating the property of the defendant to be levied upon.

On the preceding day, March 31, 1932, that is, on the same day that the execution was issued, the defendant through another attorney filed a lengthy motion requesting the reconsideration of the court's refusal to open the default and to vacate the judgment. An affidavit of merits, an amended

answer, and a cross complaint were exhibited with this motion.

On April 1, 1932, as a preliminary measure, the court ordered that the execution be suspended, and set the motion for hearing on April 20. It does not appear that said hearing took place; but the record shows a long writing dated April 26, filed by the plaintiff in opposition to the reconsideration. On the 17th of May following, the court settled the question by a reasoned decision, whose last paragraph reads as follows:

"We are of opinion that we do not abuse our discretion by permitting the defendant to defend on the merits of the case, and, consequently, applying the aforesaid principle, the default entered and the judgment rendered in this case, as well as the order issued, are vacated, and leave is granted to the defendant to file the answer and cross complaint. In order to protect the rights of the plaintiff, so that if he obtains a favorable judgment on the merits he be not prejudiced by the delay that would be occasioned by leaving this suit pending, the same shall be entered in the ordinary courts on the court's calendar, the date for trial is set on June 6, 1932, at 9 a. m., and the court shall expect the plaintiff, if he has any allegation to make in order to perfect his pleadings, whether by demurrer or by motion to strike out parts of the answer, to do so expeditiously in order that there shall be no difficulty in trying the case on the date set, that the same be decided on the merits before the court's vacation begins."

Feeling aggrieved by that decision, the plaintiff took the present appeal. He filed the transcript of the evidence on June 14, 1932, but the case was not ready for setting until September 14, 1933, when the appellant filed his brief. He assigned in it three errors which, in short, are as follows: 1, want of authority of the court to suspend execution of the judgment; 2, abuse of discretion in the final decision of the controversy; 3, the failure to impose costs on the defendant as a condition precedent to the granting of its motion.

The nonexistence of the first error is clear. If by virtue of section 140 of the Code of Civil Procedure the courts have

authority to relieve a party from a judgment, it is evident that they also have power to suspend the execution thereof as a provisional measure and in order to lessen as much as possible the expenses, complications, and prejudices. For that purpose it is not essential to hear the opposing party —although hearing him is really the better practice—since it is a preliminary step which must be adopted immediately if it is to be effective. Moreover, in the case at bar the court set a date for hearing the motion and did not finally decide the matter until after giving the party in whose favor the judgment had been rendered and the execution issued an opportunity to submit extensive arguments in writing.

After a careful study of the facts and the attendant circumstances, we are of opinion that the second error assigned does not exist either. The district court, in the decision appealed from, partially says as follows:

"We have no doubt that the defects in the motion for a change of venue, as well as those in the first motion to open the default, were due to the inexperience of the attorney who first took charge of the case. We say this without disparagement to said attorney, for he is just starting to practice his profession and it does not surprise us that he should make mistakes, as we all do, and more frequently when we start to practice the profession without having at our side a colleague to guide us in our first steps along the tortuous path of procedure.

"Under those circumstances, would it be fair to deprive the party of his right to be heard in his defense because of the mistakes made by the attorney?

"In this respect our Supreme Court has declared that section 140 of the Code of Civil Procedure is better observed or fulfilled by disposing of the cases upon their substantial merits rather than with strict regard to the technical rules of procedure, and in the case of *Fernández* v. *Pescay et al.*, 26 P.R.R. 735, our highest court in discussing this question expressed itself thus:

" 'In *Gutiérrez* v. *Foix*, 23 P.R.R. 68, construing section 140 of our Code of Civil Procedure, we quoted with approval from a California case the following:

" " 'This is a remedial provision, and under the terms of section 4 of the same code, which require it to be liberally construed

with a view to effect its objects and promote justice, is observed by disposing of causes upon their substantial merits, rather than with strict regard to technical rules of procedure. The discretion of the court ought always to be exercised in conformity with the spirit of the law, and in such manner as will subserve rather than impede or defeat the ends of justice, regarding mere technicalities as obstacles to be avoided rather than as principles to which effect is to be given in derogation of substantial right." ' "

The case is in point. The error of the attorney must be borne by the party. That is the rule. Otherwise litigation would be interminable. But there are extraordinary cases where the mistake is so evident, the question involved so technical, and the suit is at such an early stage, that not to hear the case on the merits would constitute a notorious injustice which must be avoided whenever possible.

We think otherwise as to the third error assigned. It exists, in our opinion. The party obtaining the benefit must bear some detriment. The plaintiff exercised a right, acknowledged to him by the law and the jurisprudence, in requesting the entry of the default and of the judgment, and in subsequently asserting such right before the clerk and the court. Under the circumstances, the district court could and should have adjudged the payment of a reasonable sum—$50, in our opinion—as a condition precedent to the granting of the motion, to reimburse plaintiff for the costs, expenses, and attorney's fees incurred by him.

The order appealed from should be affirmed subject to compliance with the said condition within a term of thirty days.